## In re WEHRLI.

(District Court, E. D. Arkansas, W. D.   December 3, 1907.)

ALIENS—NATURALIZATION—TIME FOR FILING PETITION.

The provision of the naturalization act of June 29, 1906, c. 3592, § 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 421], requiring a petition for naturalization to be filed not less than two nor more than seven years after the declaration of intention is in the nature of a statute of limitation, and since it contains no language indicating a contrary intention. must be so construed as not to cut off the privilege of aliens who had made declaration of intention prior to its enactment to become citizens, but in such cases to give them seven years thereafter within which to file their petition.

TRIEBER, District Judge.   The petitioner, an alien, a native of Germany, filed his petition in this court on June 18, 1907, to be naturalized as a citizen of the United States, showing that his declaration of intention to become a citizen was filed in the Circuit Court of Logan county, state of Arkansas, on August 29, 1898.   The act of Congress of June 29, 1906, c. 3592, 34 Stat. 596 [U. S. Comp. St. Supp. 1907, p. 419], provides that, "Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file," etc., his petition to be naturalized.   As his declaration of intention to become a citizen of the United States had been made more than seven years prior to the filing of the petition for final naturalization, and, in fact, more than seven years prior to the enactment of the act by Congress, the question to be determined is whether this statute of seven years applies to such applicants.   That this provision is in the nature of a statute of limitation is too clear for controversy, and requires no citation of authorities.   Being such a statute, it is well settled by the decisions of all the courts, state as well as national, that unless the language used is so clear, strong, and imperative that no other meaning can be given to it, or unless the intention of the Legislature cannot be otherwise satisfied, the statute ought not to be given retrospective construction.   U. S. v. Heth, 3 Cranch, 413, 2 L. Ed. 479; Cooley on Constitutional Limitations, 455.   This rule of construction applies specially to statutes of limitations, where the presumptions are all against any intent on the part of the legislative department to make the statute retroactive.   19 Am. & Eng. Enc. Law (2d Ed.) p. 174.

In Lewis v. Lewis, 7 How. 776, 12 L. Ed. 909, Chief Justice Taney, in speaking of the effect of a new statute of limitations, said:

"Previous to the act of 1827 there was no law of the state of Illinois which limited the time within which an action of covenant shall be brought, and, consequently, there was no restriction as to the period within which a suit might be instituted upon the cause of action now in question. * * * And as the plaintiff did not come into the state there was no limitation running against it until the passage of the act of 1837. This act, by repealing the saving contained in the former law, brought the claim within its provisions, and subjected it to the limitations therein contained. The question is, from what time is this limitation to be calculated? Upon principle, it would seem to be clear that it must commence when the cause of action is first subjected to the operation of the statute, unless the Legislature has otherwise provided. For it is at that time that the statute first acts upon it and limits the period within which suit must be brought. Such is obviously the policy and intention of the Illinois statute of limitations. For if the plaintiff had come into the state the day before the act of 1837 was passed, and by that means subjected his cause of action to the provisions of the former law, the limitation would have commenced on that day, and his action would not have been barred until the expiration of 16 years afterwards."

In Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737, it was held:

"In construing a statute of limitations it must, so far as it affects rights of action in existence when the statute is passed, be held, in the absence of contrary provisions, to begin when the cause of action is first subjected to its operation. Hence, when a right of action accrued in 1854, and a statute of limitations passed in 1859 barred all actions of its kind not 'commenced within two years next after the cause or right of such action shall have accrued,' held that the cause of action began to run from the date of the statute, and that suit might have been brought any time within two years from that date, and accordingly that the statute had not summarily cut off existing rights."

Any other rule would, in many instances, deprive persons of valuable rights without due process of law. No better illustration of this need be cited than the case at bar. The petitioner declared his intention to become a citizen in the state of Arkansas, where he resided, when there was no limitation within which the final steps for naturalization were to be taken. An alien who has declared such intention to become a citizen is, under the Constitution of the state, entitled to all the rights of citizenship, including those of voting and holding office. Misled, perhaps, by these privileges, he neglected to become fully naturalized for more than seven years, when the present statute was enacted by Congress. If given retroactive effect he was, immediately upon the passage of the act, cut off from ever becoming naturalized. It is true, the right of an alien to become naturalized is a mere privilege which Congress can grant upon such terms as it deems proper, or withhold entirely, but no act of Congress should be so construed as to deprive an alien of that privilege unless the language is so clear and unambiguous that there can be no doubt of its intent. In my opinion, the language of the statute does not justify such a construction, and the true intent of Congress was that aliens declaring their intention to become naturalized after the passage of the act must file their final application within seven years after the filing of the declaration of intention, and as to those who filed the declaration of intention before the enactment of the statute they must make their final application within seven years from the enactment of the act.