EICHHORST v. LINDSEY, District Court Clerk.

(District Court, W. D. Pennsylvania. December 5, 1913.)

No. 933.

ALIENS (§ 68*)—NATURALIZATION—TIME FOR FILING PETITION.

    The provision of Naturalization Act June 29, 1906, c. 3592, § 4 (2), 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), limiting the time for filing a petition for naturalization to seven years after the making of the declaration of intention, applies to the declaration prescribed by the preceding paragraph, and does not in any way affect the rights of an alien, who made his declaration prior to the date when the act became effective in accordance with the law then in force, to file a petition at any time.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

In Equity. Petition for mandamus by August Eichhorst against William T. Lindsey, Clerk of the District Court of the United States for the Western District of Pennsylvania. Writ granted.

Samuel J. Horvitz, of Pittsburgh, Pa., for petitioner.

ORR, District Judge. Petitioner is a resident alien, who declared his intention to become a citizen of the United States on December 8, 1905, in accordance with the provisions of law then in force. On September 30, 1913, he appeared in the office of the clerk of this court and sought leave to file his petition for naturalization. The clerk refused to permit such petition to be filed, because he was advised of an objection by the Commissioner of Naturalization that, inasmuch as more than seven years had elapsed, such declaration of intention was insufficient to support a petition for naturalization under the Naturalization Act of June 29, 1906, and its various supplements. The petition for mandamus and the answer of the clerk setting up

the foregoing facts raise but a single question: Is the act of June 29, 1906, retroactive?

The second paragraph of section 4, which prescribes the manner in which an alien may be admitted to citizenship, begins with this language:

"Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing"

—being the petition for naturalization. That provision gives rise to the present controversy. It, however, should not control the meaning of other portions of the act, if that meaning is equally clear. The words "such declaration of intention," found in the above quotation, refer to the declartion of intention provided for in the immediately preceding paragraph of said section 4. Turning thence, we find specific provisions as to the manner in which such declaration of intention shall be made, before whom it shall be made, when it may be made, and what it shall contain in detail, with the proviso:

"Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration."

That proviso seems to control the meaning of the words heretofore quoted from the second paragraph, because the word "such" in the latter can have its ordinary meaning, viz., "like what has been said." Other portions of the act throw light on the question. Another portion of the second paragraph of section 4 requires the petitioner for naturalization to sign his petition in his own handwriting, yet has this proviso:

"Provided, that if he has filed his declaration before the passage of this act he shall not be required to sign the petition in his own handwriting."

It seems that Congress did not wish to wholly vitiate declarations of intention made prior to the passage of the act. Indeed, a fair construction of the act discloses the intention of Congress to save to aliens all benefits which they may have acquired by reason of their declarations made under prior law. This view is strengthened when we note that on June 25, 1910, Congress amended the first paragraph of section 4 of the act by providing for the naturalization of aliens under certain circumstances without proof of former declaration of intention.

The case of In re Wehrli, 157 Fed. 938, has been brought to our attention. The learned judge in that case expressed the view that the Naturalization Act of June 29, 1906, by the provision first above quoted, was intended to given aliens who had made their declarations of intention under prior laws seven years from that date in which to become citizens. This court cannot reach that conclusion. To do so would necessitate an opinion that the act was in some degree retroactive, at least to the extent of imposing some new limit which had not theretofore existed. The declaration of intention is the first step in proceedings which the law has imposed upon the courts, the last

step being a judicial decree. It is difficult to see why a different rule should be applied in the construction of an act relating to such proceedings than in the construction of an act relating to proceedings in cases properly so called. As said by Mr. Justice Clifford in Twenty Per Cent. Cases, 20 Wall. 179, 187 (22 L. Ed. 339):

"Even though the words of a statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereafter arise, unless the language employed expresses a contrary intention in unequivocal terms."

Applying this rule to the Naturalization Act of 1906, we must conclude that declarations of intention filed prior thereto were not in any way affected thereby and may support petitions for naturalization at any time. The petitioner in these proceedings may present his petition for naturalization. It is not probable that any formal order to that effect will be necessary. If it be necessary, one may be presented.