### In re YUNGHAUSS.

#### (District Court, S. D. New York. January 26, 1914.)

ALIENS (§ 68*)—NATURALIZATION—APPLICATION—TIME—LIMITATIONS.

Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529) provides for a declaration of intention to become a citizen, but declares that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States, shall be required to renew such declaration; also, that not less than two years or more than seven years after he has made such declaration of intention he shall make and file in duplicate a petition in writing to be made a citizen, provided that if he has filed his declaration before the passage of the act he shall not be required to sign the petition in his own writing, etc. *Held*, that such provisions were intended not to impose any new qualifications in respect to those who had filed their declarations prior to the passage of the act, but did not relieve such persons of the obligation to make their final application for citizenship within seven years.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Petition by Charles Yunghauss to be admitted as a citizen. Application dismissed.

William Blau, of New York City, for petitioner.

H. Snowden Marshall, U. S. Atty., and J. E. Walker, Asst. U. S. Atty., both of New York City, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

MAYER, District Judge. The petitioner made his declaration of intention to become a citizen before the Supreme Court of the state of New York on April 19, 1905. He filed in this court his petition for admission to become a citizen on October 3, 1913.

The question is whether the petition should be denied because more than seven years have elapsed between the time of the making of the declaration of intention and the presentation of the petition for admission to become a citizen.

Section 4 of the Naturalization Law of June 29, 1906, provides, among other things, as follows:

"First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may · be at the time a citizen or subject. And such declaration shall set forth the name, age, occupation, personal description, place of birth, last foreign residence and allegiance, the date of arrival, the name of the vessel, if any, in which he came to the United States, and the present place of residence in the United States of said alien: *Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration*: * * * Provided further, That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May first, nineteen hundred and ten, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens.

"Second. *Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing,* signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth; the place from which he emigrated, and the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen of the United States; if he is married he shall state the name of his wife, and, if possible, the country of her nativity and her place of residence at the time of filing his petition; and if he has children, the name, date, and place of birth and place of residence of each child living at the time of the filing of his petition: Provided, *that if he has filed his declaration before the passage of this act he shall not be required to sign the petition in his own handwriting.*"

It is claimed that those parts of these sections which are underlined, supra, are in conflict with each other; and that the provision "that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen * * * shall be required to renew such declaration," when read in connection with the whole statute, indicates that it was the intention of the Congress not to apply the seven-year limitation to existing declarations.

An examination of the statute indicates that what the Congress intended was that there should not be any new qualifications in respect of those who, prior to the passage of the act, had filed their declaration; and also that such persons should not be put to the trouble of filing new declarations.

For instance, while the act required that applicants thenceforth should sign the petition for final admission in their own handwriting, it did not add that requirement in the case of those who had filed their declarations prior to the passage of the act.

It is clear, however, that the Congress did not intend that old applicants could wait for a longer period than new applicants within which to file the petition.

There is no reason why there should be any distinction in this regard between old and new applicants. The purpose of the act in this respect was to require that the applicant should move within a reasonable time, and the Congress fixed seven years as such a reasonable time. It seems fair to assume that the time limit was established in order to give the appropriate officials of the government a fair opportunity to make such investigations as would inform the court in respect of the admissibility of the applying alien.

The question under consideration was referred to by Judge Trieber in the case of In re Wehrli (D. C.) 157 Fed. 938, and he interpreted the statute in this respect concisely as follows:

"The true intent of Congress was that aliens declaring their intention to become naturalized after the passage of the act must file their final application within seven years after the filing of the declaration of intention; and as to those who filed the declaration of intention before the enactment of the statute they must make their final application within seven years from the enactment of the act."

Realizing that a decision of this question will involve the status of a considerable number of aliens, I have conferred with Judge HOUGH and Judge HAND, and they authorize me to say that they concur in the conclusion herein expressed.

I am of the opinion that where the petition for admission is made more than seven years after the act went into effect, to wit, September 26, 1906, it is not valid for any purpose.

The petition is therefore denied, and the clerk is instructed to make known this decision to all persons affected thereby who have heretofore appeared before the court.