## In re GOLDSTEIN et al.

(District Court, E. D. New York. February 6, 1914.)

ALIENS (§ 68*)—NATURALIZATION PROCEEDINGS—LIMITATION.

Under the Naturalization Law (Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 529]), providing that to be admitted to citizenship an alien shall declare on oath his intention of becoming a citizen at least two years prior to his admission, provided that no alien who in conformity with the law in force at the date of his declaration has declared such intention shall be required to renew such declaration, and not less than two years or more than seven years after he has made

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such declaration of intention shall make and file a petition in writing for admission to citizenship, signed in his own handwriting, provided that if he has filed his declaration before the passage of that act he shall not be required to sign it in his own handwriting, where aliens who had filed their declaration of intention to become citizens prior to the taking effect of that act for more than seven years after its taking effect filed no application for admission to citizenship, they could not be admitted without a new declaration of intention, since the petition can be made only under that law, and while the old declaration, if used in time, avoids the necessity for a new declaration, it has no greater effect or wider use than a declaration under the new law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Applications by David Goldstein, Andrea De Concilio, Ignazio Malato, and Paul Strecker, respectively, for admission to citizenship. Applications denied, and petitions dismissed.

Applicants in pro. per.

William J. Youngs; U. S. Atty., and Reuben Wilson, Asst. U. S. Atty., both of Brooklyn, N. Y., opposed.

CHATFIELD, District Judge. The above-named applicants obtained what are known as "first papers," that is, filed their declaration of intention to become citizens and to renounce allegiance to their former sovereign, prior to the 28th day of September, 1906, upon which day the present naturalization law (34 Stat. at Large, 596) went into effect.

This law provides in section 4:

"That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise. First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years," etc. "Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration. * * * Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall .make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting," etc. "Provided, that if he has filed his declaration before the passage of this act he shall not be required to sign the petition in his own handwriting."

Each of the applicants above named filed his petition under the second paragraph just quoted, more than two years after the making of the declaration of intention under the former law, but more than seven years after the filing of his declaration, and also more than seven years after the day on which the present law went into effect.

The government contends that the law allows the use of the old declaration of intention (which did not contain statements as to all the matters required in the present form) only in place of and to the extent to which a new declaration could be available under the present statute. It is evident that no petition for final hearing can be made except under the provisions of the present law. An applicant who had

filed one of the old declarations could use that at once, and hence could avoid waiting two years after filing a new declaration, but must still use the old form of declaration as a basis for his compliance with the present law in other respects. This satisfies the requirement that no new declaration will be needed in addition to the old one, but does not mean that the old paper is of any greater effect, or has any wider use, than the new one.

The provision that no new declaration is needed, and that the old declaration may be used, is followed by the provision that "such declaration" must be used within seven years. These words "such declaration" expressly include the declarations of that class of applicants who need not sign their name because they have declarations made before the passage of this act.

The beginning of the period of seven years in such cases cannot be postponed beyond the date when the law made all old declarations in effect as if taken out on or dated from the day when the new law went in force. From that date all declarations capable of use under the new law are covered by a seven-year statute of limitations.

The Congress might have provided that a new declaration be taken out by all applicants, or the law might have been made to read that no naturalization at all should be possible, and thus repeal the previous statute in toto.

This was evidently felt to be undesirable, and the present act was designed to provide for and protect those who already had first papers. But no intention on the part of Congress is indicated to vary the limitation of time after which a new statement of intention will be required as a prerequisite from any applicant for final papers.

If application has been made within seven years and denied, the statute of limitations may have been extended in such cases as the court might feel should be reopened, upon payment of a new fee and the filing of a new petition for final papers; but, if no application of any sort was made for seven years, it would seem that the right to use the old papers has been lost.

The decision of the District Court for the Southern District of New York, In the Matter of Charles Yunghauss, 210 Fed. 545, decided January 26, 1914, seems to be correct in every way, and uniformity of ruling is thus secured.

The applications will be denied, and the petitions dismissed.