## In re ANDERSON.

(District Court, W. D. Texas, Austin Division. June 8, 1914.)

ALIENS (§ 68*)—NATURALIZATION—PETITION—FILING—TIME.

Naturalization Act 1906 (Act June 29, 1906, c. 3592, § 4, par. 2, 34 Stat. 596 [U. S. Comp. St. Supp. 1911, p. 529]), provides that not less than two nor more than seven years after an alien has declared his intention he shall file his petition for admission. Paragraph 1, however, contains a proviso that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen, shall be required to renew such declaration, and section 8 declares that the requirement of that section shall not apply to any alien who prior to the passage of the act has declared his intention to become a citizen in conformity with the law in force at the date of the making of his declaration. *Held*, that the words "such declaration of intention," in section 4, par. 2, should be limited to declarations of intention made under the act of 1906, and that, where a declaration of intention was made prior to the adoption of such act, it was available to sustain a petition for naturalization, though not filed until more than seven years after the adoption of the act.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Petition by John Anderson for admission to citizenship. Granted.

The petitioner, John Anderson, an alien, filed his declaration of intention on October 15, 1886, and on November 8, 1913, he filed his petition praying the issuance to him of letters of citizenship.

The assistant United States attorney submitted a motion, objecting to the issuance of letters, assigning in opposition the following grounds:

"(1) That in the petition and by the declaration of intention filed therewith, it is shown that said declaration of intention was made in the district court of Travis county, Tex., on October 15, 1886, prior to the passage of the present naturalization law.

"(2) That the final petition for naturalization was filed in this court on the 8th day of November, 1913, after the 27th of September, 1906, on which date the present naturalization act of June 29, 1906, became effective.

"(3) That under the terms of said naturalization act, final petitions for naturalization should be filed within not less than two nor more than seven years after filing the declaration.

"(4) That said final petition for naturalization was filed more than seven years after said declaration was made, and more than seven years after the said naturalization act became finally effective.

"Wherefore the United States say that said original declaration of intention has become null and void and not sufficient on which to base a final petition for naturalization. Therefore it prays that said petition be dismissed."

The following portions of sections 4 and 8 of the Act of Naturalization of 1906 are deemed pertinent to the present inquiry and are here inserted:

"Sec. 4. That an alien may be admitted to become a citizen of the United States in the following manner and not otherwise: First. He shall declare on oath before the clerk of any court authorized by this act to naturalize aliens, or his authorized deputy, in the district in which such alien resides, two years at least prior to his admission, and after he has reached the age of eighteen years, that it is bona fide his intention to become a citizen of the United States, and to renounce forever all allegiance and fidelity to any foreign prince, potentate, state or sovereignty, and particularly, by name, to the prince, potentate, state, or sovereignty of which the alien may be at the time a citizen or subject. And such declaration shall set forth the name, age, occupation, personal description, place of birth, last foreign residence, and allegiance, the date of arrival, the name of the vessel, if any, in which he came to the United States, and the present place of residence in the United States of said alien: Provided, however, that no alien, who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration. Second. Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which petition such applicant shall state his full name, his place of residence (by street and number, if possible), his occupation, and, if possible, the date and place of his birth; the place from which he emigrated, and the date and place of his arrival in the United States, and, if he entered through a port, the name of the vessel on which he arrived; the time when and the place and name of the court where he declared his intention to become a citizen of the United States; if he is married he shall state the name of his wife and, if possible, the country of her nativity and her place of residence at the time of filing his petition; and if he has children, the name, date, and place of birth and place of residence of each child living at the time of the filing of his petition: Provided, that if he has filed his declaration before the passage of this act he shall not be required to sign the petition in his own handwriting."

"Sec. 8. That no alien shall hereafter be naturalized or admitted as a citizen of the United States who cannot speak the English language: Provided, that this requirement shall not apply to aliens who are physically unable to comply therewith, if they are otherwise qualified to become citizens of the United States: And provided further, that the requirements of this section shall not apply to any alien who has prior to the passage of this act declared his intention to become a citizen of the United States in conformity with the law in force at the date of making such declaration." Act June 29, 1906, c. 3592, 34 Stat. pt. 1, 596, 597, 599 (U. S. Comp. St. Supp. 1911, pp. 529, 533).

C. C. Cresson, Asst. U. S. Atty., of San Antonio, Tex.
M. H. Anthoni, for Bureau of Naturalization.

MAXEY, District Judge (after stating the facts as above). In the present case the applicant, in the year 1886, filed his declaration of intention to become a citizen under the law then in force, and on November 8, 1913, he filed his petition for letters of citizenship, under the present law; the latter statute taking effect September 28, 1906. The question is: Should letters issue on the petition submitted, or should the applicant be required to begin anew by filing another declaration of intention?

The answer to the question involves the construction of portions of the act of Congress set out in the statement of the case. In reference to the construction of statutes, it was said by the Supreme Court in United States v. Landram, 118 U. S. 85, 6 Sup. Ct. 956 (30 L. Ed. 58):

"It is a settled rule of construction that 'one part of a statute must be so construed by another that the whole may, if possible, stand; ut res magis valeat quam pereat' (1 Bl. Com. 89); or, as otherwise expressed, that every clause in a statute should have effect, and one portion should not be placed in antagonism to another."

And in Rodgers v. United States, 185 U. S. 89, 22 Sup. Ct. 582, 46 L. Ed. 816, the court quoted with approval the following excerpt from Crane v. Reeder, 22 Mich. 322, 334:

"Where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the Legislature is not to be presumed to have intended a conflict."

See, also, 26 Am. & Eng. Enc. Law, 618, 619.

In the light of these canons, the question at bar should be considered. The assistant United States attorney relies upon the following provisions of paragraph 2 of section 4 to defeat the application:

"Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in which such applicant shall state his full name," etc.

If this provision be held to embrace declarations of intention made under the former law the present petition should be denied, since more than seven years have intervened not only since the date of the declaration but also since the present law became operative. And if that be the correct construction of the statute the declaration of intention made by the applicant under the former law would be thereby rendered useless and ineffective. But it is thought that the statute should not be so construed, since such construction would ignore and eliminate the proviso to the first paragraph of section 4, which is in the following words:

"Provided, however, that no alien who, in conformity with the law in force at the date of his declaration, has declared his intention to become a citizen of the United States shall be required to renew such declaration."

And that it was not the intention of the Congress to invalidate the old declarations may be also inferred from the language employed in

IN RE ANDERSON 665

section 8 of the act. After prohibiting the naturalization of aliens who are unable to speak the English language, the second proviso to the section is in words following, to wit:

"And provided further, that the requirements of this section shall not apply to any alien who has prior to the passage of this act declared his intention to become a citizen of the United States in conformity with the law in force at the date of making such declaration."

See, also, proviso to the second paragraph of section 4.

It therefore seems clear that it was the intention of the Congress to permit the old declarations to stand, unaffected by the requirements of the act of 1906, as to the seven years' limitation.

The words, "such declaration of intention," appearing in the second line of the second paragraph of section 4, would then embrace and include only, as the Congress intended, declarations of intention made under existing law. It may be readily admitted that the Congress has power to make a law of this nature retroactive in its operation. But the intention so to do must be clearly manifest from the language of the act. Thus it was said by the court in Union Pacific Railroad v. Laramie Stock Yards, 231 U. S. at page 199, 34 Sup. Ct. at page 102 (58 L. Ed. 179):

"The first rule of construction is that legislation must be considered as addressed to the future, not to the past. The rule is one of obvious justice and prevents the assigning of a quality or effect to acts or conduct which they did not have or did not contemplate when they were performed. The rule has been expressed in varying degrees of strength, but always of one import, that a retrospective operation will not be given to a statute which interferes with antecedent rights or by which human action is regulated, unless such be 'the unequivocal and inflexible import of the terms, and the manifest intention of the Legislature.'"

In view of the language of the provisos quoted, it assuredly cannot be said that it was the manifest intention of the Congress to nullify and hold for naught declarations of intention made by aliens under former laws.

The court is therefore of the opinion that such declarations—that is, those antedating the passage of the present statute—may be used as a basis of petitions for citizenship under the act of Congress now in force, although more than seven years have elapsed since its passage.

While the question at issue is not free from doubt, it is believed that the construction placed by the court upon the statute will more nearly harmonize its various provisions than that given it in the cases of In re Yunghauss (D. C.) 210 Fed. 545, and In re Goldstein (D. C.) 211 Fed. 163. See, also, In re Wehrli (D. C.) 157 Fed. 938. The foregoing conclusion is in accord with the view of the question entertained by the Bureau of Naturalization and is in harmony with Eichhorst v. Lindsey (D. C.) 209 Fed. 708.

The prayer of the petition should be, and it is hereby, allowed, and letters of citizenship will issue in accordance therewith.