### YUNGHAUSS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   October 8, 1914.)

#### No. 291.

ALIENS (§ 68*)—NATURALIZATION—APPLICATION—TIME.
   Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Comp. St. 1913, § 4352), provides for a declaration of intention to become a citizen, but that no alien who has declared his intention to become a citzen shall be required to renew such declaration, and that not less than two or more than seven years after he has made such declaration he shall make and file in duplicate a petition in writing to be made a citizen, provided that, if he has filed his declaration before the passage of the act, he shall not be required to sign the petition in his own writing, etc. *Held,* that a declaration made prior to the act is valid, no matter how long prior

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereto it may have been made, but that after the passage of the act the person making the declaration has no superior rights to a subsequent declarant, and in both cases final application for citizenship must be made within seven years after the passage of the act.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. § 68.*]

Appeal from the District Court of the United States for the Southern District of New York.

On appeal from an order ·of the District Court for the Southern District of New York denying the application of the appellant to become a citizen of the United States. The facts fully appear in the opinion of Judge Mayer in the District Court, concurred in by Judges Hough and Hand. 210 Fed. 545.

William Blau and Moses Cohen, both of New York City, for appellant.

John E. Walker, Asst. U. S. Atty., of New York City.

Before COXE and ROGERS, Circuit Judges.

COXE, Circuit Judge. The question presented is an interesting one and is not free from doubt, but we are inclined to the opinion that the construction .of the law adopted by the District Judges gives effect both to the provisions of the act of 1906 and to the law as it existed prior thereto, without interfering improperly with the rights of applicants for citizenship. It puts all aliens upon a par as to the time in which their declaration is to be made. A declaration made prior to the act of 1906 is valid, no matter how long prior thereto it may have been made, but after the date of the passage of that act the person who made the declaration has no superior rights to one who declares thereafter. In both cases action must be taken within seven years. It seems to us that this is what Congress intended. In effect the act says to the alien who has made his declaration prior to 1906:

"Your declaration is in all respects valid, but if you wish to become a citizen you cannot delay your application for a period of over seven years from the passage of the act."

The cases sustaining this view are In re Wehrli (D. C) 157 Fed. 938, In re Goldstein (D. C.) 211 Fed. 163. The opposing view is clearly stated by Judge Orr in Eichhorst v Lindsey (D. C.) 209 Fed. 708, and by Judge Maxey in Re Anderson (D. C.) 214 Fed. 662.

We think the decision of the District Court should be affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes