## In re FLEURY.

(District Court, E. D. New York. May 6, 1915.)

1. ALIENS ⚖61 — NATURALIZATION—STATUTORY PROVISIONS.

Under Naturalization Act June 29, 1906, c. 3592, § 4, par. 2, 34 Stat. 596, as amended by Act June 25, 1910, c. 401 § 3, 36 Stat. 830 (Comp. St. 1913 § 4352), authorizing any person who is qualified under existing law to become a citizen and who has resided in the United States during the five years next preceding May 1, 1910 and who because of misinformation has acted under the impression that he was a citizen, or qualified to become a citizen on petitioning therefor, may apply to the court to become a citizen, without proof of former declaration, an alien who has resided in the United States for 18 years, and who has had first papers since 1897, and who has because of misinformation had the impression that he could become a citizen by filing his application, and who is qualified to become a citizen, may on his application become a citizen, as against the objection that his declaration of intention was not used for 7 years, after the adoption of the Naturalization Law.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 119–122; Dec. Dig. ⚖61.]

2. ALIENS ⚖68 — NATURALIZATION—STATUTORY PROVISIONS.

The amendment of the Naturalization Law by Act June 25, 1910, contemplates that an alien may apply and file his petition for naturalization by complying with specified requirements, and where his petition is ac-

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cepted, and he is allowed to apply, the limitation that a declaration of intention cannot be used after a person has had it for 7 years is waived.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 138–145; Dec. Dig. ☜68.]

Application of George A. Fleury to become a citizen of the United States. Granted.

Charles G. Stevenson, of Brooklyn, N. Y., for petitioner.

Melville J. France, U. S. Atty., and Thomas J. Cuff, Asst. U. S. Atty., both of Brooklyn, N. Y., for the United States.

CHATFIELD, District Judge. I think the present case is unusual, but it does not seem to me there is much room for discussion. The Naturalization Law provides, in paragraph 2, section 4, that no declaration of intention can be used after a person has had it 7 years. This is a part of the provisions requiring him to file his petition on a certain form, which contains statements as to a number of different essentials under this present statute. Now it has been decided in the Yunghauss Case, 218 Fed. 168, 134 C. C. A. 67, and the Goldstein Case (D. C.) 211 Fed. 163, that this makes a 7-year statute of limitation which has been provided by Congress, and that we have nothing to do but follow the direction of the law.

[1] In 1910, by the act of June 25th, Congress amended paragraph 2, section 4, by inserting after the proviso waiving, in some cases, the requirement that a petition be signed in the applicant's own handwriting (which is an exception in favor of those who had *old* petitions), that *certain* parties may file their application in the same way that they might have done if they had first papers in their possession which were capable of use. This amendment provides that this may be done only in a case where the person has resided in the United States continuously 5 years preceding May 1, 1910. Any such "qualified" person, who has been misinformed, either to the extent of having the impression that he was a citizen, or to the extent of having the impression that he was qualified to become a citizen upon having his petition heard, and who has shown by his acts that in good faith he has either assumed or exercised the duties (in the one case) of a citizen, or (in the other case) of a person who could become a citizen as soon as his petition could be heard, may apply to the court, and the court then has jurisdiction to naturalize the alien at once if "the court in its judgment believes that such alien has been for a period of more than five years entitled on proper proceedings to be naturalized." This last provision relates to the 5 years immediately preceding the hearing, rather than the 5 years from 1905 to 1910, and the word "entitled" is equivalent to "qualified."

In the present instance the applicant is within the jurisdiction of the court. He has resided in the United States over 18 years. He has had first papers since 1897, and has, because of misinformation, had the impression that he could become a citizen by filing his application. He has admittedly a good character. He has filled positions which require a man to be a citizen, but without knowledge of that

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

requirement, having recently heard thereof, and having recently learned of his inability to use his original first papers. He certainly meets the requirements that he has been for more than 5 years entitled, upon proper proceedings, to be naturalized, because he meets the standards of intelligence, moral character, and sufficiency of belief in the government and the Constitution, and has had first papers. The only possible objection is that the last 5 years of those during which he was qualified, which immediately preceded the filing of his petition, occurred more than 7 years after the adoption of the Naturalization Law. But valid first papers are not needed in such a case, for the object of the section is to allow action "without proof of former declaration."

While the amendment would seem to have been drawn to meet cases where citizens who have declared their intention have some privilege, such as voting, yet in the state of New York, intended citizens are recognized by the United States law to have certain rights and protections which distinguish them from aliens, even though they may not vote, and if Congress has seen fit to help out those who by mistake did not use their original first papers, or are seeking to rectify a mistake on the part of their father or some other individual, it would seem that the enforcement of an arbitrary statute of limitation against the use of a first paper, where no objection is shown in any way to the applicant's qualifications, would be to construe the intent of Congress as a penalty. This is not necessary in a statute intended to convey a privilege. As long as the applicant comes within the letter of this amendment, it would seem that his case should not be opposed, unless some other reason can be urged.

[2] A further reason in this case for granting the application is that the petition has already been filed. The amendment of the law plainly contemplates that a person may apply and file his petition, if he complies with certain requirements. If his petition is accepted, and he is allowed to apply, the statute of limitations has been waived by the court's action. Unless it is evident that the circumstances were such that the receipt of the application was not a waiver, it would seem that the court should not withhold a certificate.

In the present case the applicant may have his papers.