In re BOURKE.

(District Court, D. Kansas, First Division. April 26, 1917.).

ALIENS ☞68—NATURALIZATION—TIME FOR PROCEEDING.
    Act June 29, 1906, c. 3592, 34 Stat. 596, requiring application for admission to full citizenship to be made within seven years after the declaration of intention, applies to one who filed his declaration of intention before the act took effect.

Petition by Timothy Samuel Bourke for admission to citizenship. On final hearing. Petition dismissed.

POLLOCK, District Judge. The facts are petitioner filed his declaration of intention to become a citizen of this country in due form of law July 19, 1904. Based on this declaration of intention, he filed his petition in this court for a judgment of naturalization on the 14th day of December, 1916, more than seven years after the act of Congress of June 29, 1906, in regard to naturalization took effect. The question presented in this case is this: Will the declaration so filed support the petition, and warrant the entry of a judgment of naturalization as prayed therein, or was the right of petitioner to proceed by petition to procure a judgment of naturalization from this court cut off and barred by the seven-year period of limitation prescribed in the act of 1906?

On investigation, I find from the reported decisions the question so presented has been ruled by the Circuit Court of Appeals for the Second Circuit in Yunghauss v. United States, 218 Fed. 168, 134 C. C. A. 67, by the Circuit Court of Appeals for the First Circuit in Harmon v. United States, 223 Fed. 425, 139 C. C. A. 19, and by the District Court for the Eastern District of Arkansas in Re Wehrli (D. C.) 157 Fed. 938, against the validity of the petition, and in the case of In re Anderson (D. C.) 214 Fed. 662, from the District Court for the Western District of Texas, and the case of Eichhorst v. Lindsey (D. C.) 209 Fed. 708, from the District Court for the Western District of Pennsylvania, holding in favor of its validity. It is also further observed in the Harmon Case, supra, a petition for writ of certiorari was presented to and denied by the Supreme Court, 241 U. S. 676, 36 Sup. Ct. 725, 60 L. Ed. 1232. Hence it may be safely said the weight of authority is against the sufficiency of the petition to authorize the judgment of naturalization prayed by petitioner.

The gist of the argument made in support of the legal sufficiency of the petition is that the act of Congress of June 29, 1906, by its very terms is inapplicable to and does not in any manner control or limit the time in which one, who had heretofore, under existing laws, filed his declaration of intention to become a citizen, may proceed, at any time after the filing of such declaration, to complete his right or privilege of obtaining a judgment of naturalization and admission to full citizenship. On the contrary, it is the contention of the government in this matter the seven-year period of limitation prescribed in that act applies to all future legal proceedings instituted and carried on for

the purpose of transforming an alien into a full-fledged citizen of our country. While it must be confessed the act does not in express terms prescribe a period of time in which any alien, who theretofore has declared his intention to become a citizen of this country, shall insti-tute his proceeding to obtain a judgment of naturalization, hence the question presented is not altogether free from doubt, yet, if it be held the period of limitation prescribed by said act has no application in such case, it follows, while one who files his declaration of intention after said act took effect must proceed further by instituting his action within the statutory period therein named, or be forever barred, but one who, many years before the taking effect of said act, filed his declaration of intention, may, from the simple fact alone of having filed such declaration, delay for any period he may desire the filing of his petition for judgment of full citizenship.

I am convinced the Congress could have hardly so intended. There-fore, in harmony with the great weight of authority on the question presented, and from the very reason of the matter, I hold the petition must be dismissed, because insufficient in law.

It is so ordered.