### In re POLLOCK.

(District Court, S. D. New York. July 1, 1918.)

1. ALIENS ⊂⊃61—NATURALIZATION—ALIEN ENEMIES.

    Prior to Act May 9, 1918, an alien enemy, filing naturalization petition subsequent to declaration of war, could not be naturalized during war.

2. ALIENS ⊂⊃68—NATURALIZATION—DECLARATIONS.

    Prior to Act May 9, 1918, declarations of intention made prior to September 27, 1906, were not available unless naturalization petition was filed within seven years from that date.

3. ALIENS ⊂⊃68—NATURALIZATION—DISMISSING PETITION.

    Dismissal of naturalization petition, on ground not going to petitioner's fitness, does not prevent another petition from being based on same declaration of intention.

4. ALIENS ⊂⊃61—NATURALIZATION—ALIEN ENEMIES.

    Under Act June 29, 1906, § 4, subd. 11, as added by Act May 9, 1918 (Comp. St. 1918, § 4352) and section 3 of Act May 9, 1918 (Comp. St. 1918, § 4352a), an alien enemy, filing naturalization petition before January 31, 1918, may avail himself of declaration of intention made prior to September 27, 1906, provided his certificate of naturalization is granted during 1918.

5. ALIENS ⊂⊃68—NATURALIZATION—AMENDING PETITION.

    Alien enemy, filing naturalization petition before enactment of Act May 9, 1918, is entitled to benefit of that act, and may, before hearing, amend his petition accordingly.

In the matter of the petition of Hugo Pollock for naturalization. Application to amend petition. Motion granted to extent indicated.

Theodore J. Breitwieser, of New York City, for the motion.

Francis C. Caffey, U. S. Atty., of New York City (John E. Walker, Asst. U. S. Atty., of New York City, of counsel), opposed.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MAYER, District Judge. This is an application to amend a petition for naturalization, so as to base it on petitioner's declaration of intention made April 12, 1899, and "for an order granting a certificate of naturalization upon the petition so amended."

The facts bring up for construction certain provisions of a recently enacted statute and will be fully stated. Pollock, the petitioner, was born in Austria in 1866, and came to the United States in 1889, where he has resided continuously ever since. On July 12, 1899, Pollock made his declaration of intention to become a citizen in the court of common pleas, Philadelphia, Pa., where he then resided. On November 17, 1910, Pollock filed his petition for naturalization in this court, and that petition was set down for hearing for February 21, 1911. In November, 1910, Pollock, according to his affidavit, fell seriously ill and was confined to his bed for a long period—and beyond February 21, 1911—and was subsequently taken to a hospital to be operated upon, and for many months thereafter continued to be ill. On February 21, 1911, because of Pollock's failure to appear, the hearing set for that day was adjourned without date, and on March 25, 1913, the petition was dismissed for lack of prosecution. In the summer of 1913 Pollock learned that his petition had been dismissed, and was advised that his only course was to make a new declaration of intention. This he did on January 7, 1916, and thereafter, on January 7, 1918 (exactly two years having elapsed), he filed his petition for naturalization, which is now pending in this court. Meanwhile, and shortly before Pollock filed his pending petition, viz. on December 7, 1917, our government declared war against Austria.

[1, 2] As the law stood prior to the act of May 9, 1918, infra, (a) an alien enemy, who had filed his petition subsequent to the declaration of war against the country of which he was a subject, could not be naturalized during the war, and (b) in this circuit after the decision in Yunghauss v. United States (D. C.) 210 Fed. 545, dated January 26, 1914, and affirmed 218 Fed. 168, 134 C. C. A. 67, declarations of intention made prior to September 27, 1906, were not available to applicants, unless the petition for naturalization was filed within seven years after said date. Thus, when Pollock filed his petition on January 7, 1918, he was not eligible for naturalization because of either ground.

[3, 4] Congress, however, in order to meet the new situations and exigencies which the war had created, amended the naturalization laws in a number of important respects, two of which relate to and cover a case like that of Pollock's. By paragraph 11 of Act May 9, 1918, c. 69, 40 Stat. 542 (Comp. St. 1918, § 4352), amending section 4 of Act June 29, 1906, c. 3592, 34 Stat. 596 (Comp. St. § 4352), it is provided as follows:

"Eleventh. No alien who is a native, citizen, subject, or denizen of any country, state, or sovereignty with which the United States is at war shall be admitted to become a citizen of the United States unless he made his declaration of intention not less than two nor more than seven years prior to the existence of the state of war or was at that time entitled to become a citizen of the United States, without making a declaration of intention, or un-

less his petition for naturalization shall then be pending and is otherwise entitled to admission, notwithstanding he shall be an alien enemy at the time and in the manner prescribed by the laws passed upon that subject: Provided, that no alien embraced within this subdivision shall have his petition for naturalization called for a hearing, or heard, except after ninety days' notice given by the clerk of the court to the commissioner or deputy commissioner of naturalization to be present, and the petition shall be given no final hearing except in open court and after such notice to the representative of the Government from the Bureau of Naturalization, whose objection shall cause the petition to be continued from time to time for so long as the government may require.  *  *  *"

From the foregoing it will be seen that, if the Bureau of Naturalization does not object, the court is authorized to entertain the petition of an alien enemy who made his declaration of intention not less than two years nor more than seven years prior to war with the country of which he is a native citizen, subject, or denizen. It will thus be seen that, if Pollock may avail of his declaration of .intention of 1899, the court has power to entertain his petition.

The first question which arises is whether the dismissal for lack of prosecution requires that an applicant shall make a new declaration of intention. Such disposition only goes to the petition, and is, in principle, the same as cases where the petition is dismissed because of an incompetent witness. In re Wolf (C. C.) 188 Fed. 519. Both on principle and as the result of many years of practical construction, it is clear that, at least in cases where a petition is dismissed upon some ground that does not go to the fitness of the petitioner, such dismissal does not eliminate nor destroy the declaration of intention, and such declaration may be availed of in connection with a new petition.

Assuming that Pollock's petition may be amended (In re Denny [D. C.] 240 Fed. 845), or, in any event, by whatever form of procedure, that his declaration of 1899 may be considered, the next question is whether, because that declaration was made more than seven years prior to Pollock's petition of January 7, 1918, it can now avail him. That question is answered by section 3 of the Act of May 9, 1918, which is as follows:

"Sec. 3. That all certificates of naturalization granted by courts of competent jurisdiction prior to December thirty-first, nineteen hundred and eighteen, upon petitions for naturalization filed prior to January thirty-first, nineteen hundred and eighteen, upon declarations of intention filed prior to September twenty-seventh, nineteen hundred and six, are hereby declared to be valid in so far as the declaration of intention is concerned, but shall not be by this act further validated or legalized." Comp. St. 1918, § 4352a.

The reason for the section supra is quite plain. There was a wide diversity of opinion in the United States and state courts in respect of the point considered in the Yunghauss Case, well illustrated by the different conclusions arrived at in the Yunghauss Case and in Re Valhoff (D. C.) 238 Fed. 405. All the cases in various courts are collated in United States v. Morena, 245 U. S. 392, 38 Sup. Ct. 151, 62 L. Ed. 359, decided January 7, 1918, which sustained the conclusion stated in the Yunghauss Case. The Bureau of Naturalization did not accept the Yunghauss Case, entertaining, on the contrary, the opposite view, and issuing instructions accordingly. The result was that in

some jurisdictions applicants were naturalized, while in this and other jurisdictions those similarly situated were not.

After the Morena Case was decided, the United States could have begun appropriate proceedings to cancel the certificates of those who had been naturalized where the declarations of intention were more than seven years old. Doubtless there were many such cases, and Congress evidently desired to protect those who, in good faith, had obtained their naturalization certificates, and whose certificates were placed in peril because of the Morena decision.

At the same time it was doubtless the legislative intent to treat in the same way all applicants similarly situated in this respect. Congress certainly must have realized that it would not be just to validate certificates in one district or circuit, and at the same time deny the same privilege and opportunity to applicants in another district or circuit, just because the courts had differed as to the law—a difference only disposed of finally by the Supreme Court. Therefore it will be noted that under section 3 "all certificates of naturalization granted by courts of competent jurisdiction prior to December thirty-first, nineteen hundred and eighteen, upon petitions for naturalization filed prior to January thirty-first, nineteen hundred and eighteen," are validated so far as concerns declarations of intention prior to September 27, 1906. In other words, any applicant who filed his petition prior to January 31, 1918, may avail of a declaration of intention made prior to September 27, 1906, provided he moves promptly, so that his certificate of naturalization can and will be granted before the end of the year 1918.

[5] The amendment sought by Pollock is due to the fact that as the law stood on January 7, 1916, his declaration of 1899 was of no avail; but now that such declaration is available, by reason of a statute enacted after the date of his petition and before his hearing, he is entitled to the benefit of the new statute (In re Sterbuck [D. C.] 224 Fed. 1013), and also to the amendment for which he asks.

As amended, his petition comes within paragraph 11, supra, and the 90 days' notice therein provided will be given by the clerk.

Motion granted to the extent indicated.