# IN THE MATTER OF F. A. C. HASTRUP.

---

### NATURALIZATION.

Naturalization—Act of 1906.

    1. The Act of 1906 was a thorough revision of the Naturalization Law, and as grant of citizenship is a privilege of the highest order, its provisions must be strictly complied with. Its omission of the district court of Porto Rico is to be construed as depriving that court of the right of naturalization.

Naturalization—Act of 1910.

    2. The act of 1910 authorizing naturalization of a person whom the court believes to have been for five years entitled to be naturalized does not apply where the only act was going to Europe on an American passport.

Naturalization—Organic Act of 1917.

    3. The Organic Act of 1917 restores the right of naturalization to the United States district court of Porto Rico, enabling it to take account of residence in Porto Rico. The Naturalization Act of 1910 authorizing naturalization where a person has exercised the rights of a citizen in good faith does not apply to a person who could not have been naturalized by this court.

Opinion filed January 28, 1919.

---

NOTE.—On power of state legislature and courts in respect to naturalization, see note in 30 L.R.A. 761.

On jurisdiction of state courts over naturalization proceedings, see note in 48 L.R.A. 36.

### Re Hastrup.

*Mr. Elmer C. Wood,* United States Naturalization Examiner, and *Mr. Miles M. Martin,* District Attorney, for the government.

*Mr. O. B. Frazer* for petitioner.

HAMILTON, Judge, delivered the following opinion:

The petition, whose allegations are not denied, shows that until the Act of March 2, 1917, this court had not granted applications for naturalization since shortly after the passage of the Naturalization Law of June 29, 1906 (34 Stat. at L. 596, chap. 3592, Comp. Stat. § 963, 6 Fed. Stat. Anno. 2d ed. p. 940), it having been held by the Department of Labor that the court had no such power. It seems that the clerk of this court published a notice in the newspapers at San Juan that after November 30, 1911, the court would cease to grant first papers, and petitioner accordingly applied the day before that date. Nothing further was done, however, in the matter, and the petitioner now makes application for final proof on two grounds: First, that the Act of 1906 did not take away the jurisdiction of this court; and, second, that even if it did the petitioner was misled by the action of the court and so is entitled to naturalization under the subsequent Act of June 25, 1910.

1. The Act of June 29, 1906, was a thorough revision of the Naturalization Law, and it has been held that its provisions must be strictly complied with inasmuch as a grant of citizenship is a privilege of the highest order, and is not to be construed against the government granting it. United States v. Ginsberg, 243 U. S. 472, 61 L. ed. 853, 37 Sup. Ct. Rep. 422;

Re Hastrup.

Johannessen v. United States, 225 U. S. 227, 56 L. ed. 1066, 32 Sup. Ct. Rep. 613. This act directs that the Secretary of Labor shall prescribe rules and regulations, and rule 10 of the regulations directs that the only forms are those provided by the Bureau of Naturalization. Accordingly it has been held in Re Brcfo, 217 Fed. 131–134, that forms in typewriting, although otherwise correct, cannot be used.

So far as the jurisdiction of this court is concerned under the Act of 1906 it is dependent upon § 3, which is as follows:

"That exclusive jurisdiction to naturalize aliens as citizens of the United States is hereby conferred upon the following specified courts:

"United States circuit and district courts now existing, or which may hereafter be established by Congress in any state, United States district courts for the territories of Arizona, New Mexico, Oklahoma, Hawaii, . . . and the United States courts for the Indian Territory; also all courts of record in any state or territory now existing, or which may hereafter be created, having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited."

It is clear that the statute omits this district court, because it expressly confers jurisdiction upon those in the states and in certain enumerated territories, of which Porto Rico is not one. The argument is, however, that this court is embraced in the last clause, that is to say, that it is a court of record in a state or territory, having seal, clerk, and unlimited jurisdiction at law and in equity. This court has jurisdiction of the nature indicated, but the proper construction of the section requires that the last clause be restricted to local courts, inasmuch as those in the first

Re Hastrup.

clause are Federal courts. There would be no need of the first clause if the second embraced Federal as well as local courts.

It would seem, therefore, as if the construction placed by the Department of Labor upon the section as excluding the jurisdiction of this court was correct.

2. The Act of 1910 (36 Stat. at L. 831, chap. 401, Comp. Stat. § 4352, 6 Fed. Stat. Anno. 2d ed. p. 956), provides:

Provided further, That any person belonging to the class of persons authorized and qualified under existing law to become a citizen of the United States who has resided constantly in the United States during a period of five years next preceding May 1st, 1910, who, because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens has labored and acted under the impression that he was or could become a citizen of the United States and has in good faith exercised the rights or duties of a citizen or intended citizen of the United States because of such wrongful information and belief may, upon making a showing of such facts satisfactory to a court having jurisdiction to issue papers of naturalization to an alien, and the court in its judgment believes that such person has been for a period of more than five years entitled upon proper proceedings to be naturalized as a citizen of the United States, receive from the said court a final certificate of naturalization, and said court may issue such certificate without requiring proof of former declaration by or on the part of such person of their intention to become a citizen of the United States, but such applicant for naturalization shall comply in all other respects with the law relative to the issuance of final papers of naturalization to aliens."

The contention is that under this there was no need of what

Re Hastrup.

are ordinarily called first papers, that is, declaration of inten-. tion, so that the fact the one in question is more than seven years before the present application is immaterial. In Re Ross, 223 Fed. 366, it was held that the five years during which one must be entitled to be naturalized under the new act was not limited to the five years before 1910, but covers a similar period up to whatever may be the date of application. In Re Fleury, 223 Fed. 803, was the case of a man who in good faith had exercised the duties of a citizen or of a person who would become a citizen as soon as his petition could be heard. The defect seems to have been that he failed to seek his decree of naturalization within seven years after his first papers, but acted otherwise in all respects as a citizen.

In the case at bar the only act shown to have been done by the applicant was going to Europe on an American passport. Under the Act of March 2, 1907 (34 Stat. at L. 1228, chap. 2534, Comp. Stat. § 3958, 2 Fed. Stat. Anno. 2d ed. p. 122), this would not amount to a proof of citizenship or even a claim of citizenship. There seems to be no misinformation of the applicant shown and has no value after six months. The clerk advertised that applications would not be received after a certain date and the application came in the day before; but the clerk did not, and could not, say that applications before that date would be valid. He merely fixed a period within which the matter could be tested by those in interest. Moreover, the Act of 1910 was designed to help anyone who, "because of misinformation in regard to his citizenship or the requirements of the law governing the naturalization of citizens, has labored and acted under the impression that he was or could become a citizen of the United States," and this court must "in its judgment believe

Re Hastrup.

that such person has been for a period of more than five years
entitled upon proper proceedings to be naturalized." But the
applicant would not have been entitled within those five years
or at any other time since 1907 to be naturalized on the main-
land of the United States because he was a resident of Porto
Rico, and he would not within the same time have been entitled
upon proper proceedings to be naturalized in Porto Rico
because this court had no such jurisdiction. So that it follows
the applicant does not come within the terms of the Remedial
Act of 1910.

3. It is true that the recent Organic Act of 1917 now gives
this court power to naturalize aliens, "and for this purpose
residence in Porto Rico shall be counted in the same manner as
residence elsewhere in the United States." Section 41 of the
Act of March 2, 1917. Does this act enable the court, in its
judgment, to believe that the applicant herein has been for a
period of more than five years entitled upon proper proceedings
to be naturalized as a citizen of the United States, and thereupon
to grant him a final certificate of naturalization without requir-
ing proof of former declaration? He certainly was not during
those five years entitled to any proceedings to be naturalized,
because neither this court nor any other could naturalize him.
It is true that this court has construed the Act of 1917 as giving
it the right to consider residence during the past for the purpose
of entitling one to naturalization, and not construing the act
only as a grant of power to naturalize upon residence in Porto
Rico for the future; but this is applying the words of the stat-
ute. The words of the Statute of 1917 do not make it possible
for this court to believe that the applicant has for five years past
been entitled to be naturalized, no matter where he resided, be-

Re Hastrup.

cause this court, the only one in which he could have proceeded, was during those five years without power to act. In other words, the disability in the past five years is not in regard to the applicant's residence in Porto Rico, but in regard to the lack of jurisdiction of this court in Porto Rico to naturalize him, no matter where he resided. There might have been sufficient residence, but nevertheless there could not have been any proper proceedings.

It follows, therefore, that the applicant is not within the terms of the naturalization laws, and the motion of the district attorney to dismiss the petition should be granted.

It is so ordered.