## In re CONIS.

District Court, S. D. New York. November 22, 1929.

Ben P. Rabb, of Cleveland, Ohio, for appellant.

John B. Osmun, Asst. U. S. Atty., of Cleveland, Ohio, for the United States.

Before DENISON and HICKS, Circuit Judges, and HAHN, District Judge.

COXE, District Judge. The question presented on this and other similar applications is whether section 6 of the 1929 Naturalization Act (Act March 2, 1929, ch. 536, 8 US CA § 382]) is to be given retroactive effect so as to deny citizenship to applicants where petitions were filed prior to July 1, 1929,

showing an "absence from the United States for a continuous period of one year or more" during the five-year period "immediately preceding the date of filing the petition."

The 1929 Naturalization Act is an amendment to the 1906 Act, and was approved March 2, 1929, to take effect on July 1, 1929. Section 6 provides: "Absence from the United States for a continuous period of one year or more during the period immediately preceding the date of filing the petition for citizenship for which continuous residence is required as a condition precedent to admission to citizenship shall break the continuity of such residence." Act 1929, ch. 536, § 6(b) (8 USCA § 382).

Prior to this amendment, the law read: "It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States, five years at least. * * *" USCA title 8, § 382.

█ The history of this provision has been elaborately reviewed in Re Deans (D. C.) 208 F. 1018, U. S. v. Deans (C. C. A.) 230 F. 957, and Neuberger v. U. S. (C. C. A.) 13 F.(2d) 541; and it is well settled that the words "resided continuously" do not require an actual physical presence in the United States continuously during the whole five-year period. U. S. v. Deans, supra; U. S. v. Cantini (C. C. A.) 212 F. 925; Neuberger v. U. S., supra. Nor do these words prevent naturalization where there has been a temporary absence from the United States without any intention to abandon the permanent residence here. Neuberger v. U. S., supra; Petition of Schneider (D. C.) 19 F. (2d) 404; In re Schradieck (C. C. A.) 29 F. (2d) 24. The question being principally one of intention is not dependent upon an absence for any particular period of time. This is well illustrated by Neuberger v. U. S., supra, and Petition of Schneider, supra, where citizenship was allowed after an absence of two years in each case; and was refused in U. S. v. Cantini, supra, where there was an absence of three years; in the Penalosa Case (Petition of Schneider) 19 F.(2d) 404 (D. C.) where there were intermittent and sometimes prolonged absences on business in foreign countries during the entire five-year period; and in Re Schradieck, supra, where there was an absence in the Philippines of four years and three months. I think it is clear, therefore, that prior to the 1929 amendment, it could not be said that there was any definite or exact period of ab-

sence which would break the continuity of the residence period required by the statute, but rather that each case would have to be determined on its own facts as presented.

In this connection, it is urged by the Department that, although the courts have been unwilling to interpret the words "resided continuously," appearing in the 1906 Act, as requiring actual presence in this country for any exact period of time, the Naturalization Service has consistently opposed the granting of naturalization where there has been an absence from the United States for a period of one year or more during the statutory five-year period. It is argued from this that section 6 of the 1929 Act is merely declaratory of the prior law. I do not think, though, that this position can be successfully maintained, as obviously the settled construction of the law, prior to the 1929 amendment, was much different from the position stated to have been taken heretofore by the Naturalization Service in connection with the applications for citizenship. I believe the 1929 amendment was a very substantial departure from the prior law, and it is quite obvious that, in so far as the present applications are concerned, it interferes seriously with their applications for citizenship.

██ I entertain no doubt whatever that Congress could, if it cared to do so, make section 6 of the 1929 Act retroactive so as to bar these applications, but I do not believe that Congress has done so, or intended to do so, in this case. The right of an alien to be naturalized is, of course, only a privilege which Congress can grant, change, or withdraw, in whatever way it deems wise, and whenever it determines to do so. But that does not affect these applicants, especially as there is nothing in the 1929 Act to indicate that Congress intended that section 6 should be retroactive so as to cover cases of the kind presented by these applications. In the report of the Senate Committee on Immigration, dated January 24, 1929, the following brief reference is made to the proposed new section 6: "And there has been added a definition clarifying the present law regarding residence."

This is the only statement I have been able to find showing any contemporaneous exposition of the new provision, and I think it shows that the purpose of the section was not to declare what had previously been understood to be the correct interpretation of the law, but rather to make a change in the prior law, so as to remove from the courts much of the authority to determine residence as a question of fact in each particular case.

It is well established that statutes are to be interpreted prospectively, unless the language of the statute admits of no other construction. U. S. v. Heth, 3 Cranch, 399, 413, 2 L. Ed. 479; Chew Heong v. U. S., 112 U. S. 536, 559, 5 S. Ct. 255, 28 L. Ed. 770; Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454; Union Pacific v. Laramie, 231 U. S. 190, 34 S. Ct. 101, 58 L. Ed. 179; In re John G. Gasteiger & Co., Inc. (C. C. A.) 25 F.(2d) 642. This rule of construction is applicable to naturalization statutes as well as to other statutes (In re Wehrli [D. C.] 157 F. 938; In re Yunghauss [D. C.] 210 F. 545; Yunghauss v. U. S. [C. C. A.] 218 F. 168; United States v. Morena, 245 U. S. 392, 38 S. Ct. 151, 62 L. Ed. 359), despite the fact that doubts with respect to such statutes are to be resolved in favor of the United States (U. S. v. Manzi, 276 U. S. 463, 48 S. Ct. 328, 72 L. Ed. 654). In the Wehrli Case, supra, Judge Trieber said at page 939 of 157 F.: "It is true, the right of an alien to become naturalized is a mere privilege which Congress can grant upon such terms as it deems proper, or withhold entirely, but no act of Congress should be so construed as to deprive an alien of that privilege unless the language is so clear and unambiguous that there can be no doubt of its intent."

In the Wehrli, Yunghauss, and Morena Cases, above cited, it was held that the 1906 Act should not be given retroactive effect so as to deny citizenship to an applicant whose naturalization petition was filed more than seven years after his declaration of intention but within seven years after the effective date of the 1906 Act. This construction was arrived at although the 1906 Act specifically declared that the naturalization petition should be filed "not less than two years nor more than seven years after he [the applicant] has made his declaration of intention."

I think these decisions are persuasive authority in support of the contention that section 6 of the 1929 Act should be considered in such a way as to operate prospectively with respect to the applications involved here.

I am therefore of the opinion that section 6 of the 1929 Act has no application to petitions for naturalization filed prior to July 1, 1929, the effective date of the 1929 Act, so as to deny citizenship where there has been an absence from the United States of a period of one year or more during the five-year statutory period. I think that each of these cases should be considered independently of section 6 of the 1929 Act, and disposed of under the provisions of the prior law and the applicable decisions.