**UNITED STATES v. LECKA.**

(District Court, D. Tennessee, at Greenville. March 17, 1924.)

No. 62.

Aliens ⟜71½—Naturalization certificate, issued on petition filed more than seven years after declaration of intention to become citizen, held subject to cancellation.

Naturalization certificate, issued on petition filed September 1, 1918, pursuant to intention to become a citizen made and filed June 22, 1911, held subject to cancellation, under Naturalization Act, § 4, subd. 2 (Comp. St. § 4352), requiring that petition for naturalization must be filed not later than seven years after declaration of intention to become citizen; such statute being mandatory.

Petition by the United States to cancel a naturalization certificate issued to Lazaros Lecka. Petition sustained, and cancellation ordered.

Oscar M. Fair, of Johnson City, Tenn., for petitioner.

HICKS, District Judge. This case is before the court upon the petition of the United States to cancel naturalization certificate No. 106,057, issued to the defendant, Lazaros Lecka, and the answer of the defendant thereto, together with the exhibits to the answer. The petition alleges, and the answer admits, that the defendant, Lazaros Lecka, declared and filed his intention to become a citizen of the United States on June 22, 1911. The petition further alleges that the defendant filed his petition for naturalization on September 1, 1918, more than seven years after he had filed his declaration of intention. There is filed with the defendant's answer an affidavit of counsel, which states as follows: "On September 2, 1918, Mr. Lecka filled out in the clerk's office at Greenville another petition, and presented other witnesses, to wit, Mr. R. C. Warren and Mr. Roscoe Long." It was upon this petition, as shown by the record, which, however, is dated September 1, 1918, instead of September 2, 1918, that the defendant was admitted to citizenship.

It is undertaken to be substantiated in the answer and the accompanying papers that some time in 1916 the defendant filed a petition for citizenship, but as to this matter the record is entirely unsatisfactory. It is not however, material, so far as this case is concerned, as to whether the defendant did or did not file a petition for citizenship in 1916, because, as above stated, he was admitted to citizenship upon a petition filed September 1, 1918. From June 22, 1911, to September 1, 1918, was more than seven years, and the court was therefore without jurisdiction to entertain the defendant's petition.

Subdivision 2 of section 4 of the Naturalization Act of June 29, 1906, provides: "Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing, signed by the applicant in his own handwriting and duly verified, in

which petition such applicant shall state his full name, his place of residence * * * occupation," etc. Comp. St. § 4352.

In the case of United States v. Van Der Molen (D. C.) 163 F. 650, where application was made in behalf of the United States to cancel a certificate of citizenship because the petition was filed within less than two years after the petitioner had made his declaration of intention, Judge Knappen, in considering this section 4, said: "Is the provision in question mandatory? Section 4 declares that the alien may be admitted to citizenship in the manner provided by the act, 'and not otherwise'; and section 15 makes express provision for canceling certificates of citizenship when illegally procured. The respondent does not lose his right of citizenship by making application too early, but is permitted to make new petition therefor, and without a new declaration of intention. I am constrained to hold that the explicit language of the statute, forbidding the filing of petition in less than two years after the making of declaration of intention, is mandatory. Being mandatory, the failure to comply with it is jurisdictional. It follows that the proceedings which resulted in the certificates of citizenship were without jurisdiction, and the certificates must be canceled."

Judge Knappen's opinion is authority and is applicable here. It therefore follows that the petition of the United States will be sustained, and an order for cancellation will be made in accordance with section 15 of said act (Comp. St. § 4373).