## In re URMENETA.

District Court, E. D. Wisconsin.
Dec. 8, 1941.

DUFFY, District Judge.

Petitioner, a native of Argentina, has applied for citizenship under Sec. 310(a) of the Nationality Act of 1940, 54 Stat. 1137, 1144, 8 U.S.C.A. § 710(a), his wife being a native born citizen of the United States.

It appears from the report of the designated examiner that petitioner had previously filed his declaration to become a citizen of the United States on November 17, 1916. Thereafter, on August 21, 1917, he was discharged from military service by Local Draft Board No. 16, Buffalo, New York, on the ground that he was physically unfit for such service. The Certificate of Discharge provided, however, among other things that:

"It (the certificate) may at any time be revoked, withdrawn, or modified by this Local Board so as to render such person liable for military service, or it may be renewed.

\* \* \* \* \*

"Upon receiving notice that this certificate has been revoked, withdrawn, modified, or renewed, the person to whom it is issued shall at once present it in person to this Local Board and surrender it.

"A failure to report in person or to give notice as herein required, or to conform to any of the conditions hereof will be sufficient ground for the immediate revocation and withdrawal of this certificate."

Wishing to obtain an Argentine passport with which to return to that country on a business trip, petitioner applied on September 9, 1918, to withdraw his declaration of intention to become a citizen of the United States. The following day, September 10, 1918, petitioner signed an affidavit in the office of the Clerk of the United States District Court for the Western District of New York to the effect that he renounced and cancelled his intention to become a citizen of the United States and waived and renounced all of the rights

to which he might have become entitled by virtue of such declaration of intention.

This court has been asked to admit petitioner to United States citizenship on the ground that he did not renounce his intention to become a citizen of this country for the purpose of avoiding military service, since he had previously been discharged by his Draft Board as unfit for military service. No question has been raised here as to petitioner's good moral character. In fact, I am convinced that the petitioner would make an excellent American citizen if he is eligible.

On July 9, 1918, Congress amended the Act of May 18, 1917, to read in part as follows: "\* \* \* *Provided*, That a citizen or subject of a country neutral in the present war who has declared his intention to become a citizen of the United States shall be relieved from liability to military service upon his making a declaration, in accordance with such regulations as the President may prescribe, withdrawing his intention to become a citizen of the United States, which shall operate and be held to cancel his declaration of intention to become an American citizen and he shall forever be debarred from becoming a citizen of the United States." 8 U.S.C.A. § 366; Act of July 9, 1918, c. 143, Subchapter XII, § 4, 40 Stat. 885, amending Act of May 18, 1917, c. 15, Sec. 2, 40 Stat. 77.

In 1931, Congress passed the Act of February 11, 1931, c. 118, 46 Stat. 1087, 8 U.S.C.A. § 366a, which provided: "Notwithstanding any provision of law to the contrary, no alien shall be debarred from becoming a citizen of the United States on the ground that he withdrew his intention to become a citizen of the United States in order to secure discharge from the military service, if such withdrawal (and the application therefor) and discharge took place after November 11, 1918."

It will be noted that petitioner's case does not fall within the provision of the Act of February 11, 1931, for the reason that he withdrew his declaration of intention before November 11, 1918. It will likewise be noted that the Act of 1918 did not contain the clause, with reference to the withdrawal of the declaration of intention, "in order to secure discharge from the military service", which appears to qualify the reason for withdrawing the declaration of intention as provided in the Act of 1931. It is clear that, with ref-

erence to the earlier act, no discretion is vested in the court by virtue of which any of the provisions thereof might be waived by the court. The plain intendment of the Act of 1918 was to debar forever from American citizenship all aliens who withdrew their declaration of intention to become a citizen, regardless of the reason for the withdrawal.

It might be noted, however, that, although petitioner had been given a certificate of discharge by his local draft board, said certificate was subject to modification or withdrawal, within the discretion of the board. Furthermore, in an affidavit dated September 9, 1918, filed with the draft board, petitioner made this specific request, "I, therefore, request that my name be stricken from the list of registrants, and that all proceedings concerning me under the selective service law be annulled or terminated." When petitioner withdrew his declaration, by virtue of the provisions of the Act of 1918, he effectually destroyed the power of the draft board to modify or withdraw his certificate of discharge.

By the Nationality Act of 1940 (Act of October 14, 1940, c. 876, 54 Stat. 1137, 1173), 8 U.S.C.A. § 904, the above-quoted provision of the Act of July 9, 1918, and the Act of 1931, were repealed. Section 347(a) of that Act, 54 Stat. 1168, 8 U.S. C.A. § 747(a) provided, however:

"Nothing contained in either [sub] chapter III or in [sub] chapter V of this Act [chapter], unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this Act [chapter] shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this Act [chapter] shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things or matters, the statutes or parts of statutes repealed by this Act [chapter], are hereby continued in force and effect."

 So far as petitioner is concerned, the prohibition against admission to citizenship contained in the Act of 1918 is still in effect. Section 347(a) provides, in effect, that statutes, or parts of statutes,

which are repealed by this Act shall not be affected thereby, but shall be continued in force and effect with respect to any thing, act, or matter existing at the time the said Act takes effect. Petitioner's "act" in withdrawing his declaration of intention "existed" at the time the Act went into effect. It follows that the court has no discretion in the matter, and accordingly it must deny to petitioner admission to United States citizenship.