220

**Petition of OTNESS.**

**No. 61009.**

District Court, N. D. California, S. D.

Feb. 15, 1943.

Joseph A. Brown, of San Francisco, Cal., for petitioner.

Daniel H. Lyons, of San Francisco, Cal., United States Naturalization Examiner.

GOODMAN, District Judge.

Petitioner, a citizen of Norway, aged 51 years, a resident of the United States since 1913 and married to an American born wife since 1929, petitioned for citizenship on May 15, 1942, under Section 310(a) of the Nationality Act of 1940, c. 876, 54 Stat. 1144, 8 U.S.C.A. § 710(a).

In the United States District Court, for the Western District of Washington, petitioner, in 1914, had filed a declaration of intention to become a citizen. In September, 1918, he withdrew his declaration of intention and thereby accomplished his release from liability for military service under the Act of May 18, 1917, c. 15, Sec. 2, 40 Stat. 77, amended July 9, 1918 c. 143 Sub-Chap. XII § 4, 40 Stat. 885, 8 U.S.C.A. § 366. As a consequence, Otness was forever debarred from citizenship under the provision of the Act supra, which provides as follows: "A citizen or subject of a country neutral in the World War who had declared his intention to become a citizen of the United States, and who was relieved from liability to military service under the Selective Draft Act (Act May 18, 1917, c. 15, 40 Stat. 76) upon his making a declaration, in accordance with regulations prescribed by the President, withdrawing his intention to become a citizen of the United States, which operated to cancel his declaration of intention to become an American citizen, shall forever be debarred from becoming a citizen of the United States. (May 18, 1917, c. 15 § 2, 40 Stat. 77; July 9, 1918, c. 143, subchapter XII § 4, 40 Stat. 885.)"

The foregoing section of the Act of May 18, 1917, as well as other sections of said Act, was specifically repealed by the Nationality Act of 1940. Act of Oct. 14, 1940, c. 876, 54 Stat. 1137, 1173, 8 U.S.C.A. § 904.

The case of In re Pedro Jose Urmeneta, D.C., 42 F.Supp. 138, 140, decided by the District Court of the Eastern District of Wisconsin, has been cited in support of the claim that citizenship should be here denied.

In the Urmeneta case, the Court held that, so far as the petitioner Urmeneta was concerned, the prohibition against admission to citizenship contained in the Act of 1918 was still effective. The ruling of the Court was based upon Section 347(a) of the Act of 1940 (so-called savings clause) which reads as follows: "Nothing contained in * * * this chapter, unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this chapter shall take effect; or to affect any prosecution, suit, action, or pro-

ceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this chapter shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this chapter, are hereby continued in force and effect." 54 Stat. 1168, 8 U.S.C.A. § 747(a).

Urmeneta's act, said the Court, "in withdrawing his declaration of intention 'existed' at the time the Act [i.e. Nationality Act of 1940] went into effect."

I cannot agree with the interpretation of the savings clause (347(a) of the Nationality Act of 1940) by the Court in the Urmeneta case. First—from the face of the statute itself it seems sufficiently clear that the savings clause does not re-enact or revivify the sections of the old law specifically repealed under the Nationality Act. Second—the intention of Congress appears to be otherwise. The President had appointed the Secretary of State, the Attorney General and the Secretary of Labor, a Committee to codify the existing nationality laws stated by the President to be "scattered among a large number of separate statutes." On June 1, 1938, the Committee submitted "A Revision and Codification of the Nationality Laws of the United States" in three parts; thereafter the House Committee on Immigration and Naturalization submitted to Congress the report of the said Special Committee with a recommendation for the enactment of the proposed New Nationality Act, without amendment.

In its report, the Committee had the following to say as to the purpose of the so-called savings clause: "Proposed section 346 (now 347-a) contains the customary clauses by which the status quo is maintained in relation to naturalization proceedings and other related matters pending at the time the proposed cost becomes effective." (Part I of Committee report, page 63.)

■ It is thus plainly indicated that the purpose of the savings clause was not to disturb or affect naturalization matters or proceedings or acts or things awaiting disposition or decision at the time of the effective date of the statute.

■ The interpretation of the savings clause in the Urmeneta case would result in nullification of the repeal of Sec. 504 of the Act of 1918, 8 U.S.C.A. § 904. Clearly that was not the legislative intent.

The application for citizenship is granted.