**In re McINNIS.**

No. 188689.

District Court, D. Massachusetts.

May 21, 1943.

No attorney for petitioner.

Maxwell Lambe, of Boston Mass., for the Government.

FORD, District Judge.

A petition for naturalization was filed by Catherine B. McInnis on May 27, 1938, under Section 4 of the Act of June 29, 1906, Chap. 3592, § 4, 34 Stat. 596, 8 U.S.C.A. § 372. The petitioner, notified to appear for admission on October 3, 1938, failed to present herself. She was not notified to appear again until two years after the effective date (January 13, 1941) of the Nationality Act of October 14, 1940 (hereinafter called the Act), Chap. 876, Title I, § 1 et seq., 54 Stat. 1137, 8 U.S.C.A. § 501 et seq.

Section 347 of the Act, 8 U.S.C.A. § 747, entitled "Saving clauses" provides as follows: "(a) Nothing contained in either chapter III or in chapter V of this Act, unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, brought, or any act, thing, or matter, civil or criminal, done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this Act, are hereby continued in force and effect.

"(b) Any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined within two years thereafter in accordance with the requirements of law in effect when such petition was filed."

The question presented here is whether the petition for naturalization described in Subsection (b) of Section 347 of the Act not heard and determined by the court within two years after the effective date of the Act (January 13, 1941) is void.

The Examiner contends that Congress did not intend by the language of Subsection (b) of Section 347 of the Act to invalidate any petition for naturalization after two years from the effective date of the Act, but intended only that the law in force prior to January 13, 1941, should cease to apply after the two years prescribed in Subsection (b) had expired, and that after the period of two years from the effective date of the Act had elapsed, the Act should apply. With this I do not agree.

Section 504 of subchapter V of the Act provides for the repeal of acts and parts of acts in force at the time of its passage and among parts of acts repealed is the first paragraph of Section 4 of the Act of June 29, 1906, under which the petition dated May 27, 1938, was filed.

It is true that Section 347 (a) of the Act provided that subchapter V (repealer section) should not have the effect of invalidating any petition of naturalization valid at the time it took effect. Thus, Section 347 (a) kept alive the petition in the present case, but only to the extent allowed by the provisions of Section 347 (b), i. e., that such a petition should be heard and determined within two years after the effective date of the Act (January 13, 1941). This condition in Subsection (b) has not been complied with in this case as the petition was presented to me on May 17, 1943. I do not believe any other conclusion is justified.

Congress by its repealing section (subchapter V of the Act) did not desire to close the door too quickly on meritorious cases pending on the effective date of the Act; on the contrary, it gave the petitioners a reasonable time within which to be heard on the petitions filed under the acts and parts of acts repealed. After the expiration of the time allowed (two years) Congress impliedly declared (Subsection (b) that the petitions filed under the acts and parts of acts repealed were void. Hence the petition dated May 27, 1938 is now void. The present petition is dismissed.