### Petition of HIRSCH.
### No. 146885.

District Court, E. D. Pennsylvania.
June 18, 1943.

Robert C. Wilson, Chief Examiner, Immigration and Naturalization Service, of Philadelphia, Pa., for petitioner and the Government.

KIRKPATRICK, District Judge.

This applicant for naturalization, born in Rumania, filed her petition on September 25, 1940. As the wife of a naturalized citizen she was at the time entitled to citizenship upon compliance with the requirements of the naturalization laws, but it was necessary for her to produce evidence of the status of her husband, who had derived citizenship through the naturalization of his father and admission to the United States during his minority. By the time she had obtained the necessary proofs, war had been declared between the United States and Rumania, whereupon she became an enemy alien. This fact necessitated an extensive investigation, after which there was an inadvertent failure on her part to notify the Alien Registration Division of a change of address and a misdirected notice to her to appear for naturalization, and, as a result of these things, her appearance in Court for final hearing was delayed until after January 13, 1943, or more than two years after the effective date of the Nationality Act of 1940.

The Examiner has presented to the Court the question whether Subsection (b) of 347 of the Nationality Act, 54 Stat. 1168, 8 U.S. C.A. § 747, requires the Court to deny the application for admission to citizenship.

The Nationality Act repealed the Cable Act, 42 Stat. 1022, 8 U.S.C.A. § 368, by the provisions of which the petitioner, as the wife of a citizen, was eligible for citizenship when she filed her petition, but it substantially re-enacted that provision by Sec. 310, Title I, Subchapter III, 8 U.S.C.A. § 710. Consequently the petitioner, otherwise qualified, was eligible for admission both by the law as it was when she filed her petition and as it is today under the Nationality Act.

Subsection (a) of Sec. 347 provides that nothing in Subchapter V of the Act—the Subchapter which contains the repeal section—"unless otherwise provided therein, shall be construed to affect the validity of any * * * petition for naturalization * * * which shall be valid at the time (January 14, 1941) this chapter shall take effect." And Subsection (b) provides that any petition for naturalization "which may be pending at the time this chapter shall take effect shall be heard and determined within two years thereafter in accordance with the requirements of law in effect when such petition was filed."

I am of the opinion that the main purpose of Sec. 347, taken as a whole, was to provide that the repeal section 504 of the Nationality Act, 8 U.S.C.A. § 904, should not, by reason of any change in the law which it might make, destroy the validity of any petition pending at the time the Nationality Act went into effect, provided the petition could be heard and determined within two years thereafter. Such petitions, if heard and determined within that time, stand upon the law as it existed before the Nationality Act. Those not so heard and determined lose the benefit of the saving clause of Subsection (a). However, that does not mean that they are necessarily invalidated. Whether they are or not depends entirely upon whether the provisions of law under which they were filed were transferred by reenactment to the Nationality Act. If they were, then the two-year delay does not affect the petitioner's substantial rights. In other words, as Judge Aldrich of the Supreme Court of New York, in a memorandum opinion, Petition of Ferrara, —— Misc. ——, 43 N.Y.S. 2d 244, held: "The provision simply means that after that period of time the rights of the petitioner are to be determined in accordance with the provisions of the Nationality Code of 1940. In other words, upon a final hearing held prior to January 13th, 1943, upon any petition for naturalization which was pending on January 13th, 1941, the matter was to be determined in accordance with the requirements of law in effect when such petition was filed * * * and upon any final hearing held on or after January 13th, 1943, the petition for naturalization is to be heard and determined in accordance with the requirements of the Nationality Act of 1940."

Of course, citizenship is a privilege, not a right, but there seems to be no reason to construe a statute so that it will result in an arbitrary denial or postponement, of any privilege to certain individuals, within the class of those to whom it is accorded, solely because they have been delayed, without fault, in asking for it.

The applicant may be admitted to citizenship.