**Petition of LA BELLA.**

No. 31301.

District Court, D. Connecticut.

Oct. 28, 1943.

Dominic T. Longo, Inspector-in-Charge Immigration and Naturalization Service, for the motion.

SMITH, District Judge.

The United States moves that the petition for naturalization in this case be granted, setting forth the facts as follows:

This petition was filed December 5, 1940, under Section 4 of the Act of June 29, 1906, 34 Stat. 596, 8 U.S.C.A. § 372. This section requires a valid declaration of intention not less than two nor more than seven years old, five years' residence in the United States, and is what is commonly termed the General Provisions of the Naturalization Law.

At the time of his preliminary examination on December 5, 1940, immediately prior

to the filing of his petition, the above-named petitioner was found deficient in his knowledge of government and of the principles of the Constitution. On the same day, immediately after the filing of his petition, the petitioner was accorded a preliminary hearing on his petition by a Designated Examiner, appointed under the fourteenth subdivision of Section 4 of the Act of June 29, 1906, as amended and set forth in the Act of June 8, 1926, 44 Stat. 709. Further hearing of his petition was continued by the Designated Examiner for the period of one year to give the petitioner additional opportunity to qualify on his knowledge of government and of the principles of the Constitution.

The petitioner, upon re-examination on December 23, 1941, satisfactorily passed a test on such knowledge. The petitioner was a native and subject of Italy, however, and the war between the United States and Italy came into existence during the pendency of the proceeding, to wit, on December 11, 1941. He, therefore, fell under the classification of an enemy alien. This fact necessitated an extensive investigation to determine his loyalty. This investigation was completed and the loyalty of the petitioner established on December 24, 1942. There being no further reason to object to the petitioner's admission to citizenship, he was accordingly notified to appear for final hearing on January 9, 1943, which date was within the period of two years from January 13, 1941, the effective date of the Nationality Act.

However (allegedly due to not having received the notice in time), the petitioner failed to appear for final hearing on January 9, 1943, and action upon his petition was continued by order of the court, as appears from the Court List No. 194. Because of the short period of time remaining, the petitioner was not renotified to appear for final hearing before the expiration of the two-year period from the effective date of the Nationality Act.

The question involved in this case is whether a petition for naturalization described in subsection (b) of Section 347 of the Nationality Act, 54 Stat. 1168, 8 U.S.C.A. § 747 (b), not heard and determined by the court within two years after the effective date of this act, is void. In other words, the question is whether the petition in this case, filed before January 13, 1941, the effective date of the Nationality Act, and pending on that date, can be acted upon by the court at this time, even though the

Examiner is ready to recommend petitioner's admission as a person qualified for United States citizenship.

Section 347 of the Nationality Act reads as follows in its entirety:

"Sec. 347(a). Nothing contained in either chapter III or in chapter V of this Act, unless otherwise provided therein, shall be construed to affect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this Act shall take effect; or to affect any prosecution, suit, action, or proceedings, civil or criminal, * * * done or existing, at the time this Act shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of statutes repealed by this Act are hereby continued in force and effect."

"(b). Any petition for naturalization heretofore filed which may be pending at the time this Act shall take effect shall be heard and determined within two years thereafter in accordance with the requirements of law in effect when such petition was filed."

Section 504 of the Act, 8 U.S.C.A. § 904, repeals the Act of 1906 under which this petition was filed. Section 347(a) saves existing petitions and proceedings from destruction upon the taking effect of the Act by virtue of Section 504. Section 347(b), however, limits the effect of this saving clause insofar as petitions are concerned by requiring pending petitions to be heard and determined within two years after the act shall take effect in accordance with the requirements of law in effect when such petition was filed.

It has been held that this requirement of action in two years limits only action under the old law provisions, and allows the petition to survive the two-year period and thereafter be considered as though filed under the Act. Petition of Hirsch, D.C.E.D. Pa.1943, 50 F.Supp. 638. Petition of Ferarra, 1943, —— Misc. ——, 43 N.Y.S.2d 244. I cannot agree with this interpretation. The two-year limitation is expressly stated, and no mention is made of action on such petitions thereafter. See Re McInnis, D.C. Mass.1943, 50 F.Supp. 303.

If 347(b) were not restrictive of the life of the petitions saved by 347(a), the subsection could and would have expressly stated that, if any petition should

be heard and determined during the two-year period, the old law would apply; thereafter, the provisions of the Act. The language used, however, is mandatory, requiring action within two years under the old law provisions.

At the time of the passage of the Act, two years undoubtedly appeared ample for the determination of all pending petitions. No discussion is found in the hearings, or in the reports of the House, Senate, or Conference Committees. The report of the President's Committee appears to argue that two years is not unreasonable as too long a period for permitting action under the old law, having regard for the frequency of naturalization sessions in some localities. Subsequent to the passage of the Act, however, the United States was attacked and war conditions, including the investigations of the loyalty of many petitioners who had become, by the acts of their former rulers, enemy aliens, caused delays which helped to prevent final action on their petitions. This is an unfortunate situation. Many who are now qualified for admission found that the two-year period, through no fault of their own, was too short. The remedy, however, lies in a further extension by the Congress of the period for action under 347(b) rather than by judicial amendment.

The petition is denied without prejudice, solely on the ground that the court lacks the power to grant it, more than two years having elapsed since the effective date of the Nationality Act.