**In re SHAVER.**

**SHAVER v. UNITED STATES.**

No. 8391.

Circuit Court of Appeals, Seventh Circuit.

Feb. 4, 1944.

William McKinley and Paul E. Price, both of Chicago, Ill., for appellant.

John Peter Lulinski and J. Albert Woll, U. S. Attys., both of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to dismiss his petition for naturalization.

Appellant, on April 26, 1934, filed his petition and affidavit for naturalization under § 4(10) of the Act of June 29, 1906, as amended by the Act of May 9, 1918, 40 Stat. 545, and by the Act of May 25, 1932, 47 Stat. 166, 167, 8 U.S.C.A. § 377, commonly called "The Misinformation Act," authorizing naturalization of certain aliens erroneously exercising rights and duties of citizenship prior to July 1, 1920.

The record discloses that on December 21, 1942, appellee moved that naturalization be denied on the ground that appellant was not of good moral character, was

not attached to the principles of the Constitution of the United States, and was not well disposed to the good order and happiness of the United States; and that after some evidence was heard, the cause was continued to December 26, 1942, and thereafter from time to time. On May 3, 1943, after appellant had concluded the presentation of his evidence, both parties moved dismissal of the petition on the ground that the court was without jurisdiction. Both motions were denied on May 4, 1943. May 6, the parties having concluded their evidence, the court rendered an opinion denying the petition for naturalization, and on May 10 entered an order, denying with prejudice, appellant's petition for naturalization.

The only question is whether the District Court had jurisdiction to hear and determine the petition.

Appellant contends that by the enactment of the Nationality Act of 1940, chap. 876, Title I, § 1 et seq., 54 Stat. 1137, 8 U.S.C.A. § 501 et seq., which became effective on January 13, 1941, 8 U.S.C.A. § 906, Congress deprived the court of jurisdiction to hear and determine the petition two years after January 13, 1941, and bases his argument upon Section 347(b), 8 U.S.C.A. § 747(b), of the Act, which provides that "Any petition for naturalization heretofore filed which may be pending at the time this Act [chapter] shall take effect shall be heard and determined within two years thereafter in accordance with the requirements of law in effect when such petition was filed."

In support of his contention, appellant argues that the court had jurisdiction to hear and determine the petition only during the two-year period. In other words, unless heard and decided before January 13, 1943, all petitions pending at the time of the effective date of the Nationality Act of 1940, became null and void. In support of his contention he cites In re McInnis, D.C., 50 F.Supp. 303, which holds that Section 347(a) kept alive the petition only to the extent that it should be heard and determined within two years after the effective date of the Act. With this interpretation we are unable to agree.

Section 4(10), as amended by the Acts of May 9, 1918 and May 25, 1932, 8 U.S.C.A. § 377, permitted a petitioner, without making the required preliminary declaration of intention, to file a petition for naturalization upon compliance with the other requirements of the existing naturalization laws. In the interim between the filing of the petition in this case (April 26, 1934) and the commencement of the hearing on December 21, 1942, Congress, on October 14, 1940, adopted the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq. This Act repealed The Misinformation Act, but Congress, by including Sections 320 and 347(a), 8 U.S.C.A. §§ 720 and 747(a), in the Nationality Act of 1940, reenacted Section 4(10), as amended by the Act of May 9, 1918, 40 Stat. 545, and by the Act of May 25, 1932, 47 Stat. 166, 167. Section 320 of the Nationality Act of 1940, 8 U.S.C.A. § 720, is in nearly the identical language of The Misinformation Act, 47 Stat. 166, 167, and the meaning of the two statutes is precisely the same. And Section 347(a), 8 U.S.C.A. § 747(a), provides that, nothing in subchapter V of the Act— the subchapter which contains the repeal section, 8 U.S.C.A. § 904—"unless otherwise provided therein, shall be construed to affect the validity of any * * * petition for naturalization * * * which shall be valid at the time this Act [chapter] shall take effect; or to affect any * * * proceedings * * * existing, at the time this Act [chapter] shall take effect; but as to all such * * * proceedings * * * the statutes or parts of statutes repealed by this Act [chapter], are hereby continued in force and effect."

■ There are different methods by which the repeal of a prior statute may be effected. It may be repealed by an express declaration declaring that the act is repealed. Where Congress passes a repealing act and nothing is substituted for the act that is repealed, the effect is to obliterate such statute as completely as if it had never been passed, but where the law on a particular subject is revised and rewritten, all provisions of the old law which are retained in the new act are regarded as having been continuously in force and as not having been repealed, 59 C.J., p. 922 § 522.

■ We think the words of the Act now being considered are plain and should be accorded their usual significance, and should be taken and understood in their plain, ordinary and popular sense. It provides that all petitions for naturalization pending at the time the Nationality Act of 1940 took effect should be heard and deter-

mined within two years thereafter, in accordance with the requirements of law in effect when such petition was filed. The purpose of Congress is clear enough, plainly indicating that the purpose of the savings clause was not to disturb or affect naturalization matters or proceedings awaiting disposition at the time of the effective date of the statute. Petition of Otness, D.C., 49 F.Supp. 220. In our view the language did not create any limitation upon the jurisdiction of the District Court to hear the petition, except that for two years after January 13, 1941, the petition be heard and determined in accordance with the law in effect when the petition was filed. We think the teachings of the case of Petition of Ferrara, —— Misc. ——, 43 N.Y.S.2d 244, and Petition of Hirsch, D.C., 50 F.Supp. 638, and their logic, are applicable to the instant case.

The order of the District Court is affirmed.