**Petition of ZIGALNITSKY.**

No. 548742.

District Court, S. D. New York.

June 23, 1947.

Abraham P. Conan, of New York City, examiner for immigration service.

Gunther Jacobson, of New York City, for petitioner.

GODDARD, District Judge.

The petitioner herein is seeking an order granting him citizenship.

The pertinent facts are as follows:

Petitioner is a native and national of Russia, who was lawfully admitted to the United States for permanent residence on June 29, 1938. He filed his declaration of intention on July 15, 1938. He filed a petition for naturalization under the general provisions of the Nationality Act of 1940, 8 U.S.C.A. § 501 et seq., on October 23, 1946—some eight years after he filed his declaration.

The government opposes the granting of citizenship on the ground that a valid declaration of intention was not filed with the petition for naturalization as the declaration was made more than seven years prior to the date of his petition for naturalization and petitioner has not established exemption from such requirement.

Petitioner urges that under the applicable provisions of the Nationality Act of 1940 he had ten years after filing his declaration within which to file his petition for naturalization.

The government contends that Section 332(a) of the Nationality Act of 1940, 8 U.S.C.A. § 732(a), must be read so as not to be inconsistent with Section 331 of the

Act, 8 U.S.C.A. § 731, and petitioner urges that Section 332(a) of the Act is clear and unambiguous and that no other meaning may be imputed to its plain words.

Section 331 of the Nationality Act of 1940 provides in part as follows: "An applicant for naturalization shall make, under oath before, and only in the office of, the clerk of the court or such clerk's authorized deputy, regardless of the place of residence in the United States of the applicant, not less than two nor more than seven years at least prior to the applicant's petition for naturalization * * * a signed declaration of intention * * *." 8 U.S.C.A. § 731.

Section 332(a) of the Act of 1940 provides in part as follows: "An applicant for naturalization shall, not less than two nor more than ten years after such declaration of intention has been made, make and file in the office of the clerk of a naturalization court, in duplicate, a sworn petition in writing * * *." 8 U.S.C.A. § 732(a).

The Nationality Act of 1940 did not become effective until the middle of January 1941—some two and a half years after the petitioner filed his declaration of intention on July 15, 1938.

█ In the Government's effort to demonstrate that in the apparent inconsistency between the seven years in Section 331 and the ten years in Section 332(a), the provision in Section 331 prevails and the petitioner's contention that Section 332(a) prevails, each seem to overlook the fact that the Nationality Act of 1940 is prospective in its application and not retrospective unless specifically so provided. Section 347(a) of the Nationality Act of 1940 provides in part—"Nothing contained in either subchapter III or in subchapter V of this chapter, unless otherwise provided therein, shall be construed to effect the validity of any declaration of intention, petition for naturalization, certificate of naturalization or of citizenship, or other document or proceeding which shall be valid at the time this chapter shall take effect; or to affect any prosecution, suit, action or proceedings, civil or criminal, brought, or any act, thing or matter, civil or criminal, done or existing, at the time this chapter shall take effect; but as to all such prosecutions, suits, actions, proceedings, acts, things, or matters, the statutes or parts of the statutes repealed by this chapter, are hereby continued in force and effect." 8 U.S.C.A. § 747(a).

The language of the saving clause is all inclusive and it is plain that the purpose of the Congress was not to disturb or affect naturalization proceedings instituted prior to, but not concluded until after the effective date of the Act. In re Shaver, 7 Cir., 140 F.2d 180; United States v. Cain, D.C., 55 F.Supp. 536 reversed on other grounds 2 Cir., 147 F.2d 449; Petition of Otness, D.C., 49 F.Supp. 220.

█ It therefore appears that the provisions of the Naturalization Act of 1906 which were in force at the time this petitioner filed his declaration, are applicable in determining the period in which his petition must be filed. Section 4 of the Act of 1906, 34 Stat. 596, 8 U.S.C.A. § 379 reads in part as follows: "Second: Not less than two years nor more than seven years after he has made such declaration of intention he shall make and file, in duplicate, a petition in writing * * *."

This provision limiting the period to seven years for filing the petition is mandatory. United States v. Mueller, 8 Cir., 246 F. 679; United States v. Lecka, D.C., 7 F.2d 380.

The petition in question was not filed until some eight years after the filing of the declaration; hence is too late. In re Goldstein, D.C., 211 F. 163; Harmon v. United States, 1 Cir., 223 F. 425, certiorari denied 241 U.S. 676, 36 S.Ct. 725, 60 L.Ed. 1232; Yunghauss v. United States, 2 Cir., 218 F. 168.

For the present purposes it is unnecessary to consider, when the Nationality Act of 1940 is applicable, whether the seven year period of Section 331 or the ten year one in Section 332(a) prevails.

The petition must be and is denied.

Settle order on notice.